THE PREST-O-LITE COMPANY, Appellant, *v.* FREDERICK RAY et al., Doing Business as SMITH & HAINES, Respondents.

Trade marks — action by Prest-O-Lite Company which manufactures, under license from the patentee thereof, acetylene storage cylinders for lighting automobiles and other vehicles, to prevent defendants from refilling and selling tanks marked with the name "Prest-O-Lite" with acetylene gas made by another company — facts examined, and held, that plaintiff has a trade mark in the name "Prest-O-Lite" which may be registered and protected under the statute (General Business Law, § 367; Cons. Laws, ch. 20).

Plaintiff has a license from the patentee to manufacture and sell acetylene storage cylinders and appurtenances for a certain period, "but only for the purpose of use in connection with the lighting of lamps of automobiles, carriages and other moving vehicles." The acetylene gas cylinder manufactured by it for many years was described in the specification for the patent as a "closed vessel," a "prepared package," or "an apparatus" for storing and delivering gas. Certain sizes of cylinders have been manufactured by the plaintiff for automobile purposes and have been placed upon the market under license from the owner of the patent, and, by establishing an exchange system throughout the country, the plaintiff

has built up a large business for its gas receptacle which it has called by the name of "Prest-O Lite." The initial cost of the tanks includes the privilege of making exchanges for refilled cylinders at a very low price. It carries with its name the privilege, held out by the plaintiff, of an easy exchange for nominal cost of exhausted for refilled tanks. Prest-O-Lite includes a utility and a right, the one manufactured by the plaintiff, the other established by its method of business. The name, therefore, is associated with the plaintiff as the manufacturer. *Held,* that plaintiff has a trade mark in the name Prest-O-Lite which can be registered and protected under the provisions of section 367 of the General Business Law (Cons. Laws, ch. 20), and that the name has not been so connected and identified with the steel tank for the storage of acetylene gas as to become generic and free to public use upon the expiration of the patents covering said tanks.

*Prest-O-Lite Co.* v. *Ray,* 162 App. Div. 62, reversed.

(Argued March 28, 1917; decided May 1, 1917.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 17, 1914, which reversed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff and dismissed the complaint in an action under section 367 of the General Business Law to recover a penalty.

The facts, so far as material, are stated in the opinion.

*Keyes Winter* for appellant. The Prest-O-Lite Company has brought itself within the terms of the statute sued upon. (*Prest-O-Lite Co.* v. *Heiden,* 219 Fed. Rep. 845; *Searchlight Gas Co.* v. *Prest-O-Lite Co.,* 215 Fed. Rep. 692; *Prest-O-Lite Co.* v. *Davis,* 215 Fed. Rep. 349; *Prest-O-Lite Co.* v. *Avery,* 161 Fed. Rep. 648; *Prest-O-Lite Co.* v. *Davis,* 209 Fed. Rep. 917; *Prest-O-Lite Co.* v. *Bogen,* 209 Fed. Rep. 915; *Prest-O-Lite Co.* v. *Post & Lester,* 163 Fed. Rep. 63; *Evans* v. *Von Lear,* 32 Fed. Rep. 153; *Hostetter* v. *Becker,* 73 Fed. Rep. 297; *Hos-*

*tetter* v. *Sommers,* 84 Fed. Rep. 333; *Pontefact* v. *Isen-berger,* 106 Fed. Rep. 499; *Hostetter* v. *Martinoni,* 110 Fed. Rep. 524.) Plaintiff's rights in the exclusive use of the word Prest-O-Lite as a trade mark to indicate the origin of its gas tank or gas package were not affected by the alleged expiration of the Claude and Hess patent. (*Searchlight Gas Co.* v. *Prest-O-Lite Co.,* 215 Fed. Rep. 692; *Prest-O-Lite Co.* v. *Davis,* 215 Fed. Rep. 349; *Prest-O-Lite Co.* v. *Heiden,* 219 Fed. Rep. 845.)

*Louis Lande* for respondents. A trade mark is a word or symbol used to evidence the source or origin of manu-facture of a given article of merchandise. But no word may be used as a trade mark which will confer a monop-oly upon the article to which it is attached. (*Canal Co.* v. *Clark,* 13 Wall. 311; *Singer Mfg. Co.* v. *June Mfg. Co.,* 163 U. S. 169; 28 Am. & Eny. Ency. of Law [2d ed.], 380; *Dover Stamping Co.* v. *Fellows,* 163 Mass. 191; *Jaffe* v. *Evans,* 70 App. Div. 186; *Horlicks Food Co.* v. *Elgin Milkine Co.,* 120 Fed. Rep. 264; *Holzapfel's Com-position Co.* v. *Rähtjen's American Composition Co.,* 183 U. S. 12; *Coats* v. *Merrick Thread Co.,* 149 U. S. 572; *Warren Featherbone Co.* v. *Am. Featherbone Co.,* 141 Fed. Rep. 513; *St. Louis Stamping Co.* v. *Piper,* 12 Misc. Rep. 270; 87 Hun, 623; *Hill Mfg. Co.* v. *Sawyer Bros. Mfg. Co.,* 112 Fed. Rep. 144; *Centaur Company* v. *Heinsfurther Co.,* 84 Fed. Rep. 955; *Centaur Company* v. *Marshall,* 92 Fed. Rep. 605; *C. & C. Merriam Co.* v. *Syndicate Pnt. Co.,* 237 U. S. 618.)

CRANE, J. The question presented upon this appeal is whether the plaintiff has a trade mark in the name Prest-O-Lite which can be registered and protected under the provisions of section 367 of the General Business Law (Cons. Laws, ch. 20), or whether the name has been so connected and identified with the steel tank for the storage of acetylene gas as to become generic and free to

public use upon the expiration of the patents covering said tanks.

In 1900 Georges, Marie, Auguste, Claude and Georges Albert Hess were granted letters patent, No. 664,383, by the United States Patent Office, for an apparatus for the storing and distributing of acetylene gas. It consisted of a closed vessel, or prepared "package" containing a supersaturated solution of acetylene produced by forcing acetylene under pressure into acetone as a solvent.

These letters patent were assigned on June 3, 1901, to the Commercial Acetylene Company, which, on March 8, 1905, by agreement, licensed the Concentrated Acetylene Company of Indianapolis, Indiana, to manufacture and sell the acetylene storage cylinders and appurtenances for a certain period "but only for the purpose of use in connection with the lighting of lamps of automobiles, carriages and other moving vehicles, but not including railway or tram-cars, or boats, or marine vessels." This license agreement was, on the 24th day of October, 1906, renewed and extended to January 1st, 1918, upon the understanding that the licensee should thereafter be formally incorporated under the name of the Prest O-Lite Company. The plaintiff herein is the Prest-O-Lite Company, successor to the Concentrated Acetylene Company of the city of Indianapolis, organized in 1904.

The tanks, which were made and sold under the license agreement, were steel tanks filled with asbestos, into the pores of which was pored the solvent, acetone, charged with acetylene gas under 250 pounds pressure. The asbestos prevented spilling and explosion, and a reducing valve provided substantially a uniform pressure at the outlet passage to the burner. The tanks were for use in providing lights upon automobiles, and were of three sizes. Size B, most commonly used, sold for $25, furnishing forty hours' lighting. The price, however, included exchange privileges.

These exchange privileges were an extensive and

important part of the business built up and established by the plaintiff in connection with the sale and use of the acetylene gas tank for automobile lighting. Recognizing that automobiles traveled over the country, far distant from the original source of supply of acetylene gas, the plaintiff established over fifteen hundred agencies in various parts of the United States, Canada and Europe, at which automobilists could exchange their exhausted gas supply for recharged tanks at the much reduced cost of $1.50 to $3.00. This price covered merely the cost of the acetylene gas. The gas tank or package could not be easily refilled as it required the appliances for producing the required pressure; therefore, the plaintiff shipped to its various agents the gas packages fully charged with acetylene gas which were exchanged by the agents for the exhausted tanks of the automobilists, and these, in turn, were shipped back to the plaintiff for refilling. Through this method of doing business the plaintiff has established a very valuable exchange system which enables the purchaser of its tank to obtain at various places throughout the country a refilled tank at nominal cost with little or no inconvenience. It is this exchange privilege which is covered by the initial charge of $25. The plaintiff, since its incorporation, has sold between 650,000 and 700,000 of these tanks.

Upon the cylinders the plaintiff placed and etched the words " Prest-O-Lite." It is not divulged by what name the tanks used upon railroad cars, boats, etc., as manufactured by the Commercial Acetylene Company, were known, but the tank manufactured by the plaintiffs as above stated was known as its " Prest-O-Lite " tank, and described in its circulars and advertisements as " Prest-O-Lite." From papers introduced by the defendant it appears that the Avery Portable Lighting Company of Wisconsin manufactured an acetylene gas tank known as the " Autogas Tank."

The plaintiff's position in this case may be thus stated.

The acetylene gas cylinder manufactured by it for many years was described in the specification for the patent as a "closed vessel," a "prepared package," or "an apparatus" for storing and delivering gas. Certain sizes of cylinders have been manufactured by the plaintiff for automobile purposes and have been placed upon the market under license from the owner of the patent, and, by establishing an exchange system throughout the country, the plaintiff has built up a large business for its gas receptacle which it has called by the name of "Prest-O-Lite." The initial cost of the tank includes the privilege of making exchanges for refilled cylinders at a very low price. The Prest-O-Lite, therefore, is more than a name for an article of manufacture or a holder containing gas, as it carries with its name the privilege, held out by the plaintiff, of an easy exchange for nominal cost of exhausted for refilled tanks. Prest-O-Lite includes a utility and a right, the one manufactured by the plaintiff, the other established by its method of business. The name, therefore, is associated with the plaintiff as the manufacturer.

Prest-O-Lite, the plaintiff claims, has become its trade name, which can be used exclusively although the patent upon the acetylene gas tank has expired. This case was tried upon the theory that the Claude-Hess patent had expired. Since the decision of the lower courts the case of *Fireball Gas Tank & Illuminating Company* v. *Commercial Acetylene Company and the Prest-O-Lite Company* has been decided by the United States Supreme Court (239 U. S. 156), which may lead to the conclusion that the patent has not expired. This decision, however, is not conclusive, one way or the other, upon the plaintiff's rights here. It claims a trade mark in the name "Prest-O-Lite," which attaches to the acetylene cylinders manufactured by it irrespective of patent rights.

If the words are generic and have become a name by which the public know the acetylene gas tank irrespective

of its manufacture, then, of course, the plaintiff has no trade mark and must look to its patent for protection. On the other hand, if the words are not generic, but indicate the product of the plaintiff, then the words may constitute a trade name, protected as such, even though the patent rights have expired. (*Batcheller* v. *Thomson*, 93 Fed. Rep. 660; *President Suspender Co.* v. *MacWilliam*, 238 Fed. Rep. 159.)

Pursuant to section 367 of the General Business Law, the plaintiff, in December of 1912, registered with the secretary of state its trade name "Prest-O-Lite" contained in a rectangular label, and filed a description with the county clerk of Queens county, the place where it was conducting its business. It also complied with the other statutory requirements. Section 367 protects the registered trade mark by providing that no person shall sell, in any vessel, package or receptacle on which the trade mark appears, any substance other than the original contents placed therein by the proprietor of the label, and for the violation of this law a penalty of $100 is imposed.

This action was brought against the defendants for the violation of this law, for having, on the 16th day of January, 1913, in the city of New York, sold one of the plaintiff's containers marked with the label "Prest-O-Lite" and filled with acetylene gas manufactured by the Searchlight Gas Company. The facts are undisputed. The action was brought in the Municipal Court where judgment was rendered for the plaintiff, which, upon appeal, was affirmed by the Appellate Term. The Appellate Division, however, has reversed the judgment and dismissed the complaint upon the ground that Prest-O-Lite became a generic word indicating the article of manufacture irrespective of its makers and, therefore, not the subject of a trade mark.

In this we cannot agree with the Appellate Division. The exchange system established by the plaintiff, as

above described, clearly connected the name " Prest-O-Lite " with the manufacture and established business methods of the plaintiff. Further, the plaintiff had but a limited license from the owner of the patent, restricted to the manufacture and sale of these gas cylinders for automobile purposes, the owner reserving the right to manufacture and sell similar receptacles for boats, railroad trains and the like. Another acetylene holder was upon the market, and in use, known as the " Autogas Tank." In these particulars, this case is distinguished from *Singer Mfg. Co.* v. *June Mfg. Co.* (163 U. S. 169) and *Dover Stamping Co.* v. *Fellows* (163 Mass. 191).

The view which we have taken of this case is in harmony with the decisions of the Federal courts upon the same question. In *Searchlight Gas Company* v. *Prest-O-Light Co.* (215 Fed. Rep. 692) the Circuit Court of Appeals for the Seventh Circuit stated, in reference to the containers manufactured by the Prest-O-Lite Company:

" Upon the package was displayed the trade-mark, Prest-O-Lite. And in accepting packages so marked hundreds of thousands of users came to expect and rely on appellee's skill in furnishing them a certain high quality and reliable quantity of acetylene gas. * * *

" But appellee has property rights beyond its strict trade-mark rights. A consumer of ordinary articles of trade goes to his local merchant for a fresh supply, or has it sent to his home. A Chicago automobilist, starting for seashore or mountains and extending his travel into the night, may exhaust his supply of acetylene gas hundreds of miles from home. With such contingencies in mind appellee established a system of service. By an expenditure of over $1,000,000 appellee enabled more than 600,000 users of Prest-O-Lite to get a new supply in every city and town and nearly in every village in our land. For an original Prest-O-Lite gas package the customer paid $25; for each subsequent

34

package, $2.50 and the surrender of the empty steel bottle. * * *

"So it is apparent that something more is involved here than the question of rights flowing from the sale and purchase of original Prest-O-Lite gas packages. That something more is an incorporeal right that may best be called service, the right to serve and be served without interference from outsiders. Such a right, as a species of property, has been recognized and upheld. * * *

"While service is not trade in articles of commerce, and while trade-marks, as such, must actually be put upon articles of commerce or their containers, we see no reason why an intending servitor may not offer his service under an arbitrary name or sign as well as under his real name. And the ultimate fact of importance is that in the automobile world Prest-O-Lite came to stand, not only for the physical article, but also for the incorporeal right to serve and be served."

And referring to the *Singer* case, said:

"*Singer Co.* v. *June Co.*, 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, has no application. Acetylene gas packages were patented, and the patent has expired. Appellee had a license to make gas packages for automobile use, and affixed to its packages the trade-mark, Prest-O-Lite. At the same time the patentee made gas packages for use in lighting buoys and railroad cars, and distinguished its packages by other names or marks. We do not understand the *Singer* case to hold that at the expiration of a patent all the marks and names used by the licensees become public property as the one generic name of the patented article. In this case, furthermore, Prest-O-Lite meant more than the particular article made for automobile use."

. To the same effect are the following cases, in all of which the name Prest-O-Lite is referred to as the plaintiff's trade mark: *Prest-O-Lite Co.* v. *Heiden* (219 Fed. Rep. 845); *Prest-O-Lite Co.* v. *Davis* (215 Fed. Rep. 349);

*Prest-O-Lite Co.* v. *Davis* (209 Fed. Rep. 917); *Prest-O-Lite Co.* v. *Bogen* (209 Fed. Rep. 915); *Prest-O-Lite Co.* v. *Avery L. Co.* (161 Fed. Rep. 648); *Prest-O-Lite Co.* v. *Post & Lester Co.* (163 Fed. Rep. 63).

The constitutionality of section 367 of the General Business Law has not been questioned before us, and, therefore, we do not discuss it.

The judgment of the Appellate Division should be reversed and the determination of the Appellate Term affirmed, with costs in Appellate Division and this court to the appellant.

CHASE, J. I concur because of the plaintiff's ownership of the trade mark and hold that the vessel or receptacle considered in the case had upon it, at the time in question, such trade mark, and that by the express language of the statute (General Business Law, § 367) a trade mark is intended " to protect the owners of trademarks or labels against imitation and refilling of all packages and receptacles while bearing such trademarks." I do not intend to hold that an *owner of such a vessel or receptacle* cannot use or traffic therein when the registered design constituting the trade mark is obliterated or defaced without substantial injury to such vessel or receptacle as contemplated by the statute.

HISCOCK, Ch. J., HOGAN, POUND and ANDREWS, JJ., concur with CRANE, J., and CHASE, J., concurs in memorandum, in which also HISCOCK, Ch. J., concurs.

Judgment reversed, etc.